## GLEASON *v.* EMERSON.

A divorce *a vinculo* bars dower.

ASSUMPSIT, by Jonathan S. Gleason against Charles Emerson and Mary Emerson, upon a promissory note, of which the following is a copy :

"HILLSBOROUGH, Sept. 30th, 1865.

"For value received, I promise to pay Jonathan S. Gleason, or order, one hundred dollars in two years from date, with interest annually, on condition that said Jonathan shall procure a release of his wife's right of dower in certain mill property this day purchased of him by Mary Emerson.                                   MARY EMERSON.

CHARLES EMERSON."

Said note was given as a part of the consideration of a deed of the mill property referred to in the note. Gleason's wife did not sign the deed, and the note was made conditional for the purpose of protecting the purchaser of the mill, Mary Emerson, against a claim of dower by the wife of Gleason.

At the law term for the county of Hillsborough, in June, 1871, Gleason obtained a divorce *a vinculo* from his said wife.

This action was commenced July 22, 1871.

The parties agreed that if the court should be of opinion that the divorce is a bar of the wife's dower, judgment should be rendered for the plaintiff for the amount due on the note, otherwise as upon a nonsuit.

*Briggs & Harnden,* for the plaintiff.

*Brooks K. Webber,* for the defendants.

SMITH, J.   As the parties have agreed that the decision shall turn upon a single point, we are not called upon to consider whether any other positions might have been successfully taken by either side. See *Pendergast* v. *Meserve,* 22 N. H. 109.   The practical construction of the law in this State for many years is decisive of the only question presented in this case.   In determining the amount of alimony, the courts have acted on the supposition that a divorce, *ipso facto,* bars dower ; and it has not been the custom, even where large alimony is given to the wife, to insert in the decree any provision that the wife shall not be entitled to dower.   We are not aware that a divorced wife has ever claimed dower ; but, on the other hand, purchasers of the real estate of divorced husbands have usually paid the full price of unincumbered property, regarding themselves as perfectly secure from any claim for dower.   Under this state of facts, it would be useless to inquire into the intrinsic correctness of the opinion so universally entertained and acted upon.   To adopt a different doctrine at this time " would una-

voidably unsettle the titles of great numbers of persons." If the prevalent doctrine is not well founded in legal reason (upon which we give no opinion), a strong case is presented for the application of the maxim, " _communis error facit jus._" See _Burge_ v. _Smith_, 27 N. H. 332.

The defendants rely on _Barker & Wife_ v. _Cobb_, 36 N. H. 344;—that was a writ of entry for land claimed in the right of the wife. After the commencement of the suit, the wife procured a divorce in the State of Maine, and moved that the husband's name be stricken from the declaration, and that the suit proceed in her name alone. This motion was denied, EASTMAN, J., saying,—" A divorce does not, _ipso facto_, cut off the rights of the husband in the real estate of the wife. It requires the decree of the court granting the divorce to disincumber the estate from the husband's rights." This decision is not directly in point. The husband's estate by the marital right differs from inchoate dower in being a complete vested estate in distinction from a mere possibility. See 1 Bishop on The Law of Married Women, sec. 537. The doctrine, that a divorce does not divest a vested estate, is not necessarily inconsistent with the theory that it does have the effect to prevent a mere contingency from ripening into a right. Besides, the divorce statute in force when _Barker_ v. _Cobb_ was decided, while it was silent on the subject of dower, provided that the court might " restore to the wife all or any part of her lands, tenements, and hereditaments " (Rev. Stats., ch. 148, sec. 13), thereby affording ground for the implication that, in the absence of a special decree of restoration, the husband's vested interest would not be divested by the divorce ; and special decrees, disincumbering the wife's estate from the husband's claims, have not been uncommon in this State, both before and since the decision in _Barker_ v. _Cobb_. If, however, the decision in _Barker_ v. _Cobb_ should be regarded as inconsistent with the prevalent opinion respecting dower, we should, for the reasons already indicated, decline to disturb the practical construction of the law on the latter topic. In the view we have taken, there is no occasion to comment on the decisions in other jurisdictions, some of which turn on the construction of statutes.

Under the agreement of the parties, there must be

_Judgment for the plaintiff._